ColcocK J.
The act of 1791 fixes the fees of all the public officers of the state; and by-the 27th section declares that at whatever stage any suit-may cease or determine the attorneys, clerks and sheriffs shall have their fees taxed; and on nonpayment thereof, execution'may be issued against the party from' whom they are due, and be lodged with the sheriffs of their respective districts and returnable at the ensuing return day; and the s'-'m-iff for his trouble in collecting such fees shall be allowed a commission of two and one half per cent, to be paid by such defaulter. And by the 29tli section it further declares that the several clerks and registers of the courts of justice, and sheriffs throughout the state, shall collect in and. receive their own fees from the different Suitors or persons who are liable to pay the same, in the said courts of justice respectively. (ls¡! Brev. 340 34S.J From whence it appears, that clerks are required to collect their own fees, and clothed with ample power to do so. Although, then, the judgment states thatthe costs are adjudged to the plaintiff, he has no power to collect or- receive the costs of the officers of the court; it is mere form. By the practice in England, the plaintiff pays to the clerk of the court his costs at every stage of the case as it proceeds, and there the costs, when recovered, are correctly stated to be plaintiffs costs, -which he has expended, &c. and hence the form of the judgment: but here the costs abide the determination of the case and every officer, as before shewn, is required to collect his own. When a judgment is rendered against a defendant, he is liable to pay the costs; and from him the clerk should collect them, íf he be insolvent, and ■ consequently unable to pay them, then the clerk may have recourse to the plaintiff and may *29 maintain his action against him for services performed; .as decided in the case of the same plaintiff vs. Jacobs Seal. (Harper’s Reports, 326.) at the spring sitting of 1824. Now what are the facts of these cases as stated by the presiding judge. In the first case .an .execution was produced with satisfaction indorsed thereon; This evidence so far from proving that the' defendant' could not pay, was conclusive that he had paid, and paid too to .the agent of the plaintiff,' forthe sheriff must be so considered. In the second case, the-judgment was produced but no execution, and the sheriffs receipt book shewing that the debt was paid to the plaintiff; -and the attorney’s costs to him: Now this was no evidence of the inability of the debtor to pay; on.the. contrary,-it affords a strong presuniption ©factual payment to the sheriff.. In-, deed, I am at a loss to conceive..why. ; these .actions w.ere brought against the .defendants when the plaintiff ;had. such' evidence in possession against the sheriff. ... ' -
Alston & Cummins,-for AppeII;tot.sv;..cat
Morrall, contra. .
The motions are dismissed.